IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORLANDO VEGA ALFONSO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:26-CV-1721-O |
| | § | |
| WARDEN PRAIRIELAND | § | |
| DETENTION CENTER, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Before the court is *pro se* Petitioner Orlando Vega Alfonso's petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his immigration detention. ECF No. 3. Respondent filed a response, and Petitioner did not file a reply. ECF No. 8. Upon careful review of the pleadings and the applicable law, the petition is **DENIED**.

## I. BACKGROUND

Petitioner, a native and citizen of Cuba, entered the United States without admission or parole in 2023. ECF No. 4 at 3; ECF No. 8-1 at 2. Petitioner was apprehended and placed into removal proceedings on a charge of inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 8-1 at 2. On February 9, 2026, an immigration judge ordered Petitioner's removal, and his appeal of that order to the Board of Immigration Appeals (BIA) remains pending.[1]

Petitioner filed his habeas corpus petition on May 27, 2026, challenging his detention as unduly prolonged under 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* ECF No. 3 at 2; ECF No. 4. Petitioner contends that his continued detention is unlawful because he is unlikely to be removed in the reasonably foreseeable future. ECF No. 4 at 10. Respondent

[1] *See* EOIR, Automated Case Information, an official website of the United States government, at https://acis.eoir.justice.gov/en (accessed on November 6, 2026) (search by A-number and nationality).

contends that Petitioner is subject to mandatory detention as an applicant for admission under 8 U.S.C. § 1225(b)(2)(A) and that this detention does not violate the Due Process Clause. ECF No. 8.

## II. ANALYSIS

Ordinarily, the Government must remove an alien within ninety days of a final order of removal. 8 U.S.C. § 1231(a)(1)(A). During this removal period, the government "shall detain" the alien. *Id.* § 1231(a)(2)(A). If an alien is not removed during the removal period, "[s]ection 1231(a)(6) provides, among other things, that . . . [the] alien 'may be detained beyond the removal period' in the discretion of the Attorney General." *Demore v. Kim*, 538 U.S. 510, 527 (2003). In *Zadvydas*, the Supreme Court held indefinite detention pursuant to 8 U.S.C. § 1231(a)(6) would "raise a serious constitutional problem." 533 U.S. at 690. The Supreme Court therefore interpreted § 1231(a)(6) to permit detention beyond the ninety-day removal period only for a period reasonably necessary to secure the alien's removal. *Id.* at 689. It concluded that six months beyond the removal period was presumptively reasonable, but after six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

But § 1231 and the *Zadvydas* framework only apply if the petitioner is subject to a final order of removal. *See*, *e.g.*, *Sanchez v. Noem*, 2025 WL 3760317, at *5 (S.D. Tex. Nov. 14, 2025) ("Section 1231 generally governs post-removal order detention, or detention of a noncitizen subject to a 'final order of removal.'") (citing 8 U.S.C. § 1231). Here, Petitioner is awaiting disposition of the BIA appeal, so the removal order is not final. *See* 8 U.S.C. § 1101(a)(47)(B) ("The [removal] order . . . shall "become final upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek

review of such order by the [BIA]."); *Castillo-Rodriguez v. I.N.S.*, 929 F.2d 181, 183 (5th Cir. 1991) ("The order of the immigration judge . . . is not final when a timely appeal is taken to the [BIA].").

Petitioner's challenge to his detention under § 1231 is thus premature and should be dismissed without prejudice. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 317-18 (5th Cir. 2011) (per curiam) (affirming dismissal of post-final-removal-order detention challenge as premature, noting that six-month period following date on which removal order becomes final must have elapsed before filing of habeas petition challenging confinement under *Zadvydas*); *see also Pambukhchyan v. U.S. Immigr. & Customs Enf't*, 2026 WL 980250, at *2 (W.D. La. Mar. 23, 2026), *rec. accepted* 2026 WL 978973 (W.D. La. Apr. 10, 2026) (dismissing premature challenge to § 1231 detention because BIA appeal was pending).

Finally, to the extent that Petitioner's petition could be construed liberally as a challenge to his pre-final-removal-order detention under 8 U.S.C. § 1225(b)(2)(A), binding Fifth Circuit precedent forecloses such a challenge. Petitioner is an applicant for admission and therefore subject to mandatory detention under § 1225(b)(2)(A). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). And mandatory detention without a bond hearing under § 1225(b)(2)(A) does not violate the Due Process Clause "[s]o long as an alien's detention pending removal has a definite termination point—removal or release." *See Rodriguez v. Vergara*, ---F.4th---, No. 26-50183, 2026 WL 3181188, at *13 (5th Cir. Oct. 23, 2026) (en banc) (cleaned up). Petitioner has not shown that his ongoing removal proceedings lack a definite termination point.

## III. CONCLUSION

For these reasons, the petition for writ of habeas corpus is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** November 8, 2026.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE